UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERTO DE JESUS REYES,

                      Plaintiff,                        **COMPLAINT**

   -against-

EL BURRO CARGO EXPRESS CORP. and
MOISES DE LA ROSA,

                      Defendants.
------------------------------------------------------------------------X

       Plaintiff, ROBERTO DE JESUS REYES ("Plaintiff"), by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, EL BURRO CARGO EXPRESS CORP. and MOISES DE LA ROSA, alleges as follows:

## NATURE OF THE ACTION

    1.     Plaintiff brings this action against Defendant to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), under the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

    2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

    3.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

    4.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

    5.     Plaintiff is a resident of the State of New York.

6. At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA and NYLL.

7. Defendant, EL BURRO CARGO EXPRESS CORP., is a domestic business corporation with its principal place of business located in Bronx, New York.

8. At all times relevant, Defendant, EL BURRO CARGO EXPRESS CORP., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant was and still is an "employer" within the meaning of NYLL § 190(3).

9. At all relevant times, Defendant, EL BURRO CARGO EXPRESS CORP., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

10. Defendant, MOISES DE LA ROSA, was a shareholder and/or officer of EL BURRO CARGO EXPRESS CORP., had authority to make payroll and personnel decisions for EL BURRO CARGO EXPRESS CORP., was active in the day-to-day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

## FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendants as a shipping clerk from in or 2015 to in or about October 31, 2022.

12. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours in a single workweek. Plaintiff regularly worked from 9 am to 7 pm, Monday through Saturday each workweek. Plaintiff regularly worked 60 hours each workweek.

13. Defendants failed to pay Plaintiff overtime at a rate not less than one and one-half times his regular rate of pay for hours worked in excess of 40 hours in a single workweek in violation of the NYLL and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

14. Defendants failed to pay Plaintiff for all hours worked each week at a rate not less than the statutory minimum rate in accordance with 12 N.Y.C.R.R. Part 142.

15. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

16. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by Labor Law § 195.

17. Defendants failed to provide Plaintiff with an accurate wage statement each pay period as required by Labor Law § 195.

18. Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

19. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

20. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

21. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

22. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK LABOR LAW: OVERTIME WAGES

23. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

24. Defendant employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the minimum wage rate in violation of New York Labor Law.

25. By Defendant's failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendant has willfully violated the New York Labor Law and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

26. Plaintiff is entitled to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW: MINIMUM WAGES

27. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

28. Defendant failed to compensate Plaintiff for all hours worked each workweek at a rate not less than the statutory minimum as required by 12 N.Y.C.R.R. Part 142.

29. By Defendant's failure to pay Plaintiff the minimum wage for all hours worked per week, Defendant has willfully violated the New York Labor Law and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

30. Plaintiff is entitled to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW SECTION 195(1)**

31. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

32. Defendants failed to provide Plaintiff with a written notice upon hire regarding his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the New York Labor Law.

33. Due to Defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

**FIFTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW SECTION 195(3)**

34. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

35. Defendants failed to provide Plaintiff with an accurate statement of his wages each pay period as required by Section 195 of the Labor Law.

36. Due to Defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

i. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

ii. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

iii. Unpaid wages pursuant to New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

iv. Damages pursuant to NYLL § 198;

v. Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

vi. Pre-judgment and post-judgment interest as permitted by law; and

vii. Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
January 12, 2023

        LAW OFFICE OF PETER A. ROMERO PLLC

By: */s Peter A. Romero*
_____
Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against El Burro Express Shipping, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. [This has been read to me in Spanish]

| | |
|---|---|
| _Roberto de Jesus (Nov 7, 2022 21:00 EST)_ | **11/07/22** |
| Roberto de Jesus Reyes | Date |